UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

STEFAN A. WILSON,

        Defendant.
                                  /

NO. CR. S-08-114 LKK

O R D E R

Pending before the court is a supplemental petition brought by Richard A. Gray, Jr., Gray Investment Partners, and Cumberland Hill Capital Fund, L.P, for adjudication of the validity of interest in property. Suppl. Pet., ECF No. 166. The court resolves the matter on the papers.

## I. BACKGROUND

On March 17, 2009, Defendant Stefan Andre Wilson pleaded guilty to wire fraud, 18 U.S.C. § 1343, and making and subscribing a false income tax return, 26 U.S.C. § 7206(1). See Plea Agreement, ECF No. 63.

On April 22, 2009, pursuant to the terms of the plea agreement, this court entered a preliminary order of forfeiture, providing that Defendant Stefan A. Wilson's interest in the following property would be condemned and forfeited to the United States of America, to be disposed of according to law:

a. 2007 Porsche Cayman coupe, VIN: WP0AB29807U781950, California license number 6BKG423;

b. Approximately $7,321.12 in U.S. currency seized from a Washington Mutual account in the name of Stephen K. Wilson, dba Christians in Crisis International and CIC Investment Fund;

c. Approximately $1,490,418.57 in U.S. currency seized from an Ameritrade account in the name of Christians in Crisis International;

d. Approximately $5,939.58 in U.S. currency seized from a Bank of America account in the name of Nell J.;

e. Approximately $419,060.42 in U.S. currency seized from a Bank of America account in the name of Nell J.;

f. A 3 carat diamond ring seized on or about February 26, 2008; and

g. A sum of money equal to the total amount of money that represents the proceeds of the scheme to defraud to which the defendant has pled guilty, or which constitutes or was derived from proceeds traceable to said scheme.

Prelim. Order of Forfeiture, ECF No. 65.

On June 2, 2009, Richard A. Gray, Jr., Gray Investment Partners, and Cumberland Hill Capital Fund, L.P. ("Gray Petitioners") requested that the court, under a theory of constructive trust, "recognize their superior interest in approximately $1,915,094.14 . . . seized from Wilson and currently held by the government." Movants' Pet., ECF No. 71.

On June 3, 2009, the Government filed an ex parte motion to relieve it of the obligation to give direct written notice of the ancillary proceedings in the action to the investor/victims of Defendant Wilson's fraud. Gov't Mot., ECF No. 76. This court granted the Government's ex parte motion on June 8, 2009, and provided that the "investors and victims in the underlying fraud scheme . . . lack prudential standing to file petitions in this criminal action." Order, ECF No. 80.

On June 25, 2009, the Government moved to dismiss Gray Petitioners' claims to the interests in property subject to the preliminary order of forfeiture. Gov't Mot., ECF No. 83. This court granted the Government's motion to dismiss, finding that: (1) the Gray Petitioners' "interests did not precede the government's and thus do not fit into either of the categories recognized as defeating the government's claimed forfeiture"; and (2) the Petitioners lacked prudential standing. Order, ECF No. 90.

On August 10, 2009, Gray Petitioners filed a notice of appeal of this court's order.

While the appeal was pending, this court ordered that: (1) no final order of forfeiture shall issue until the conclusion of Petitioners' appeal; and (2) the Governmental shall not distribute or dispose of any property seized from Defendant Wilson until the conclusion of Gray Petitioners' appeal. Order, ECF No. 99.

On October 28, 2011, the Ninth Circuit reversed this court's order, finding that: (1) the Gray Petitioners had prudential standing to assert a claim; and (2) "[u]nder § 853(n), Gray's

interest is greater than Wilson's" and also, therefore, greater than the Government's interest because the "Government is merely standing in Wilson's shoes." United States v. Wilson, 659 F.3d 947 (9th Cir. 2011).

The Ninth Circuit further noted that, on remand, this court would have to resolve the issue of whether Gray has sufficiently proved his allegations as to the traceability of his funds. In doing so, the Circuit advised the court that its decision as to traceability "should not be read to preclude equitable analysis," and that this court should "tak[e] steps to assure that no claimant obtains more than his or her fair share." Id. at 956 (citing United States v. $4,224,958.57 ("Boylan"), 392 F.3d 1002, 1005 (9th Cir. 2004)). The Circuit additionally noted that, "even if the forfeited assets can be traced back to Gray's investment into Wilson's fraudulent scheme, this does not necessarily move him ahead of the other victims in this case," and that "this case arguably presents circumstances where equity would justify suspension of those tracing rules." Id. (relying on Cunningham v. Brown, 265 U.S. 1, 13 (1924); United States v. 13328 & 13324 State Hwy. 75 N., 89 F.3d 551, 554 (9th Cir. 1996)).

On April 27, 2012, the Gray Petitioners and the Government stipulated, inter alia, that "[o]f the $1,915,418.57 seized by the United States, $1,700,446.63 is directly traceable to the funds deposited by Gray and Cumberland on or about February 1, 2008." Stipulation, ECF No. 144, at 3.

On August 8, 2012, in response to a claim filed by pro se

petitioner Elvira Bailey, the Government and Elvira Bailey stipulated, inter alia, that "[o]f the $1,922,739.69 seized by the United States, $74,025.48 is directly traceable to funds deposited by the Bailey Living Trust on or about February 1, 2008." Stipulation, ECF No. 154.

On October 4, 2012, Elvira Bailey filed a notice with the court, stating, "I feel of the money that was collected my 100,000 should be given back to me because it was a[ ]part of the funds that were seized when Stefan Wilson was arrested on Feb, 2008." Bailey Not., ECF No. 165.

On October 18, 2012, the Gray Petitioners filed the supplemental petition for adjudication of the validity of interest in property, ECF No. 166, which is currently at issue. The Gray Petitioners request that the court amend the preliminary order of forfeiture "to recognize Petitioners' ownership of the funds directly traceable to their investment" and seek return of those traceable funds to Petitioners. Suppl. Pet., ECF No. 166.

## II. ANALYSIS

As provided by the Ninth Circuit, Petitioners obtained a constructive trust, superior to the Government's interest, at the time their funds were transferred to Wilson in February 2008. See United States v. Wilson, 659 F.3d 947, 954 (9th Cir. 2011). Pursuant to the Ninth Circuit's holding and 21 U.S.C. § 853(n)(6),[1] this court, therefore, amends the preliminary order

---

[1] According to 21 U.S.C. § 853(n)(6), the criminal forfeiture statute, upon a court's determination that a petitioner has

5

of forfeiture to exclude those assets traceable to Petitioners' investments, calculated as per the parties' stipulations.

However, the fact that a constructive trust was created on behalf of the Petitioners does not require the court to administer the constructive trust in such a way as to wholly benefit the Petitioners, at the expense of the remaining victims. The Ninth Circuit specifically remanded this case with instructions that the court "administer the constructive trust fairly" and "tak[e] steps to assure that no claimant obtains more than his or her fair share." Id. at 956 (citing United States v. $4,224,958.57 ("Boylan"), 392 F.3d 1002, 1005 (9th Cir. 2004)).

The court finds that, in this case, equity justifies suspension of the tracing rules; allowing the constructive trust to be administered solely on the basis of tracing fictions would allow the Petitioners to recover their losses at the expense of other victims. See id. ("Because Gray relies on tracing presumption as the basis for his alleged superior interest, this case arguably presents circumstances where equity would justify

---

established:
> a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . . . the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

6

suspension of those tracing rules . . . . [U]nder our precedent, courts generally will not indulge in tracing when doing so would allow one fraud victim to recover all of his losses at the expense of other victims.") (citing United States v. 13328 & 13324 State Hwy. 75 N., 89 F.3d 551, 554 (9th Cir. 1996)).[2]

Accordingly, the court ORDERS as follows:

(1) The stay entered by this court on August 14, 2009, as to the distribution or liquidation of the assets identified in the preliminary forfeiture order, ECF No. 99, is LIFTED.

(2) A final judgment for forfeiture is ENTERED for all seized assets, except those funds subject to constructive trusts.

(3) As to the $90,000 substituted payment, which was deposited with the Clerk of the Court and not included in the preliminary forfeiture order, those funds SHALL be distributed pursuant to the restitution order.

(4) The court FINDS that $1,700,446.63 of the seized funds are subject to Gray Petitioners' constructive trust and $74,025.48 of the seized funds are subject to Bailey's

---

[2] Petitioners request that this court interpret the Ninth Circuit's instructions regarding equitable trust administration as non-binding dicta. See Pet'rs' Reply, ECF No. 173, at 5. This court agrees that the Ninth Circuit's instructions were conditioned on this court's determinations regarding the traceability of Petitioners' funds and were, therefore, merely instructions to this court and not a holding of the Circuit. However, the court sees no reason to deviate from the Ninth Circuit's interpretations of Boylan, Cunningham, and 13328 & 13324 State Hwy. 75 N. in this case. This order thus coheres with the Ninth Circuit's instructions on the matter.

1     constructive trust.

2     (5) The constructive trust funds SHALL be distributed to

3     all victims in proportion to their losses.

4     (6) To effectuate administration of the constructive trust,

5     the U.S. Attorneys' Office SHALL, within thirty (30) days

6     of issuance of this order, provide the court with a

7     recommendation as to an appropriate trustee (and trustee's

8     counsel) to ensure representation of all victims'

9     interests.  The trustee and trustee's counsel shall be paid

10     with trust assets prior to trust distribution.

11     IT IS SO ORDERED.

12     DATED: January 25, 2013.

_____  
LAWRENCE K. KARLTON  
SENIOR JUDGE  
UNITED STATES DISTRICT COURT